UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHILLIP TROYER and SHIRLEY TROYER,

   Plaintiffs,

v.                Case No. 1:14-CV-166

UMAREX Sportwaffen GmbH & Co.   HON. GORDON J. QUIST
KG, a German Corporation,

   Defendant.
_____/

## OPINION

   Plaintiff, Phillip Troyer, alleges that he was injured by a firearm manufactured by the predecessor of Defendant, a German corporation. Troyer and his wife filed a complaint against Defendant in this Court. Defendant has moved to dismiss, arguing that the Court lacks personal jurisdiction over it. Plaintiffs have not responded to that motion. For the reasons that follow, the Court will grant Defendant's motion.

### *Legal Standard*

   A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Air Prods. & Controls v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). In a diversity action, the exercise of jurisdiction is permissible if it is authorized under the state's long-arm statute and it comports with due process. *Id.* at 549. The exercise of jurisdiction over a non-resident defendant comports with due process if the defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (internal quotation marks omitted). To satisfy the minimum contacts inquiry, the plaintiff must demonstrate that "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

*Discussion*

Defendant argues that it lacks sufficient minimum contacts with Michigan to satisfy the due process inquiry. For sufficient minimum contacts to exist, a defendant must have a relationship with the forum that "arise[s] out of contacts that the 'defendant *himself*' create[d] with the forum State." *Walden*, 134 S. Ct. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2184 (1985)). In other words, a plaintiff cannot "satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State." *Id.* Morever, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.*

In this case, Defendant does not appear to have created any contacts with this State— it has no facilities or employees in Michigan, does not advertise in Michigan, and has no direct sales to Michigan residents. Rather, it appears that Defendant's sole connection to Michigan is that a firearm that Defendant's predecessor manufactured ended up in the hands of Troyer, a Michigan resident, and that Troyer was injured by the firearm in Michigan. Those facts do not demonstrate that Defendant created sufficient minimum contacts with Michigan to allow the exercise of jurisdiction over it.

*Conclusion*

The fact that a firearm allegedly manufactured by Defendant's predecessor injured a Michigan resident in the forum is insufficient to constitute the "minimum contacts" necessary to satisfy the due process inquiry. Accordingly, the Court concludes that it lacks jurisdiction over Defendant, and will grant Defendant's motion to dismiss. An order consistent with this Opinion shall issue.

Dated:  September 9, 2015                          /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE